## COMMONWEALTH *vs.* THOMAS QUINN.

An indictment on the *St.* of 1855, *c.* 405, which charges the defendant, in the words of the statute, with keeping and maintaining a building or tenement, used by him for the illegal sale and illegal keeping for sale of intoxicating liquors; and avers that the liquors were not imported liquors in the original packages, or cider for other purposes than a beverage, or wine for sacramental purposes, or alcohol sold by the defendant as a druggist to a druggist, apothecary or physician; and negatives the defendant's appointment to keep them for sale or sell them from the mayor and aldermen of the city, or from the State commissioner, or being himself such commissioner; to the nuisance of all peaceable citizens; is sufficient, without more particularly charging the illegal sale or illegal keeping of intoxicating liquor.

INDICTMENT, alleging in the first count that the defendant, at Boston, at a certain time in April 1858, did keep and maintain a certain building, used by him for the illegal sale, and illegal keeping for sale, of intoxicating liquors, " said liquors not being of foreign production, imported by the said keeper thereof in accordance with the laws of the United States relating to the importation of such liquors, and contained in an imported package, and of the quantity prescribed for importation under the laws of the United States; the said Thomas Quinn, then not having any appointment there to keep for sale, or there to sell.

said intoxicating liquors, from the mayor and aldermen of the city of Boston for the year of our Lord one thousand eight hundred and fifty seven and for the year of our Lord one thousand eight hundred and fifty eight, nor from the commissioner of the said Commonwealth of Massachusetts for purchasing, keeping for sale, and for selling, spirituous and intoxicating liquors, to town agents of said commonwealth, authorized by law to keep and sell spirituous and intoxicating liquors, for the year of our Lord eighteen hundred and fifty eight; and the said Thomas Quinn then and there not being the commissioner aforesaid; and that the said Thomas Quinn, in so using said building for the illegal keeping for sale, and for the illegal sale as aforesaid of said intoxicating liquors, did then, at said city of Boston, without any appointment of either description aforesaid, then and there to keep for sale, or there to sell said intoxicating liquors, knowingly, wilfully and commonly keep for sale, and knowingly and wilfully commonly sell to divers persons, whose persons and names are to said jurors unknown, the aforesaid intoxicating liquors, in the said building, so by the said Thomas Quinn kept, maintained and used, as aforesaid; and that neither of the sales aforesaid was then and there a sale of cider to be used for other purposes than as a beverage, nor a sale of unadulterated wine to be used for sacramental purposes, nor a sale of pure alcohol made by the said Thomas Quinn as a druggist to a druggist, apothecary or physician, either of whom was then and there known to be such, and for medicinal purposes only, nor a sale of foreign spirituous or intoxicating liquor, imported by the said Thomas Quinn, in accordance with the laws of the United States relating to the importation of foreign spirituous or intoxicating liquors, and then and there sold by the said Thomas Quinn, in an original imported package, as an importer; nor was the said Thomas Quinn then the said commissioner of the Commonwealth of Massachusetts; to the great damage and common nuisance of all peaceable citizens of said commonwealth then and there residing, passing and being, and against the peace and dignity of said commonwealth, and contrary to the form of the statute in such case made and provided."

The second count was precisely like the first, except in substituting the word "tenement" for "building." The defendant, after conviction in the municipal court of Boston, moved in arrest of judgment for insufficiency of the indictment. *Nash*, J overruled the motion, and the defendant alleged exceptions, which were argued before the decision in the case of *Commonwealth* v. *Kelly*, *ante*, 175.

*B. C. Moulton*, for the defendant, in addition to the points made in that case, argued that the indictment was fatally defective in not showing that the defendant had no authority from the mayor and aldermen of the city to sell and keep intoxicating liquors as an agent appointed by them for that purpose, or as a manufacturer, under *St.* 1854, *c.* 448, § 33; nor that he was not a clerk, servant or agent of an importer, or of a druggist, or of a regularly appointed agent of the city, or of the commissioner of the Commonwealth.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

THE COURT *Overruled the exceptions.*